# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00029-KDB-DCK-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>EDDIE BRIAN BECKHAM<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Eddie Brian Beckham's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1), and the First Step Act of 2018. (Doc. No. 40). The Government opposes the motion. (Doc. No. 43). Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

Between 2016 and 2018, Defendant conspired with others to distribute methamphetamine in Alexander County, North Carolina. (Doc. No. 29, ¶¶ 6-7, 9-13). One of Defendant's buyers estimated that he purchased ½ ounce of crystal methamphetamine from Defendant every day between April and August 2016. *Id.* Said buyer stated that Defendant would keep approximately one pound (approximately 455 grams) of crystal methamphetamine in his residence and that he saw Defendant with a pound of methamphetamine five different times and confirmed that these were five different pounds and not the same pound each time (thus, it totaled 2.2 or more kilograms). *Id.* Additionally, said buyer stated that Defendant was re-upping every two weeks and once was in debt twenty thousand dollars after he re-upped. *Id.* In May of 2018, law enforcement

conducted a "take-down" of the targets of the investigation and upon arresting Defendant, they found approximately $32,254 and three firearms. *Id.* ¶ 15. It was noted that at $20,000 per kilogram for methamphetamine, the money seized is the equivalent of 1.6 kilograms. *Id.* Furthermore, at the time Defendant committed his offense, he had previously been convicted in state court of possession with intent to manufacture, sell and deliver methamphetamine. *Id.* ¶ 38. On December 3, 2018, Defendant was sentenced to 120 months imprisonment followed by five years of supervised release. (Doc. No. 34, at 2, 3).

Defendant is a 55-year-old male serving his prison sentence at FCI Williamsburg in South Carolina. His current projected release date is December 6, 2026. This Court denied Defendant's previous motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies. (Doc. No. 39). Defendant bases his current motion again on the threat posed by the COVID-19 pandemic and states that he suffers from Type 2 diabetes, hyperlipidemia, high cholesterol, obesity, hypertension, high blood pressure, acid reflux and heart problems which place him at a greater risk of death from COVID-19 complications. (Doc. No. 40, at 3). The Government responded to Defendant's current motion on January 20, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 43).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.**—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction
>>
>> . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*.

Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

## III.　DISCUSSION

*A. Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous motion for compassionate release was denied without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies. (Doc. No. 39). Subsequently to being denied by the warden, Defendant filed an administrative appeal dated August 24, 2020 with the Regional Office. (Doc. No. 41, Exhibit 4, at 4-5). Not hearing back from the Regional Office, the Defendant filed an appeal with the Central Office which was received on November 18, 2020 and denied on December 1, 2020.[1] Given these efforts by Defendant and the lack of response by the Regional Office, the Court will deem the administrative exhaustion requirement fulfilled and will proceed to address the merits of Defendant's motion.

B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. Defendant's BOP medical records reflect that he is obese (he weighs 343 pounds with a body mass index of 40 or higher), and suffers from Type 2 diabetes, hypertension, and hyperlipidemia, which includes several risk factors the CDC has identified as increasing an individual's risk of severe illness from COVID-19.[2] (Doc. No. 43, Exhibit 2). Defendant was seen by a cardiologist on January 6, 2021 and received new medication orders. *Id.* at 1. Despite evidence showing that Defendant's medical issues are being monitored and treated by medical professionals at FCI Williamsburg, the Government consents that he has established "extraordinary and compelling reasons" in support of his motion for compassionate release. The Court will not create a dispute where there is not one and will assume that Defendant has shown "extraordinary and compelling reasons" for compassionate release.

---

[1] Defendant waited more than 80 days to hear from the Regional Office before filing an appeal with the Central Office.
[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html?CDC_AA_refVal=https%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

*C. Section 3553(a) Factors*

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *Id.*

The Government argues that Defendant's motion for compassionate release should be denied because he poses a danger to public safety. The Court agrees. Defendant is serving a federal prison sentence for trafficking significant amounts of methamphetamine. The impact distributing large amounts of narcotics has on a local community is significant and profound. The Defendant also maintained possession of several firearms as part of his drug-trafficking scheme. Thus, the danger of Defendant's conduct was even more pronounced by the potentially deadly combination of drugs and firearms. *See United States v. Manigan*, 592 F.3d 621, 630 (4th Cir. 2010) ("[D]rugs and guns form a lethal combination that can lead to violence[.]") (internal quotations and citations omitted).

Furthermore, at the time he committed his offense, Defendant had previously been convicted in state court of possession with intent to manufacture, sell and deliver methamphetamine. Apparently undeterred by his prior state conviction, Defendant continued to participate in activities

that led to his federal conviction. The nature and circumstances of Defendant's actions are clearly and accurately addressed in the Court's original sentence of 120 months of imprisonment. The sentence imposed reflected the seriousness of the offense, promoted respect for the law, and provided a just punishment for the crimes. Having only served about 31% of his sentence, to release the Defendant now would be contradictory to the Section 3553(a) factors. Given the totality of the circumstances, the Section 3553(a) factors weigh against a sentence reduction in Defendant's case.

## IV. ORDER

For these reasons, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 40), is **DENIED**.

**SO ORDERED.**

Signed: January 25, 2021

Kenneth D. Bell
United States District Judge